IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH P. STEFKO, Inmate #–26364, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>JANA G. BRATCHER, JOHN SCOTT, )<br>CHARLES McNEALEY, ROGER )<br>MULCH and BILL ARMSTRONG, )<br>)<br>Defendants. ) | CIVIL NO. 05-759-JLF |

**MEMORANDUM AND ORDER**

**FOREMAN, District Judge:**

Plaintiff, formerly an inmate in the Jefferson County Jail, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally frivolous and thus subject to summary dismissal.

On November 22, 2004, Plaintiff was incarcerated in the Jefferson County Jail; he was due to be released that day. That morning, during his shift working in the kitchen, he used the bathroom. Shortly thereafter, Defendant Scott advised him that he was filing criminal charges against Plaintiff for "criminal damage to state supported property." Apparently Defendant Bratcher had observed Plaintiff flush a pair of disposable gloves, and she in turn had reported this incident to Scott. Therefore, instead of being released from custody that day, Plaintiff remained in custody for an additional three days, until he was able to post bond on the pending charges. He alleges that Defendant McNealey failed to address his grievance, while Defendants Mulch and Armstrong "fail[ed] to curb the Civil Rights Violations taking place in the Jefferson County Jail." Plaintiff asks the Court to issue a declaratory judgment that Defendants violated his Fourteenth Amendment rights by failing to issue a disciplinary ticket over the matter, and he seeks an injunctive order expunging the felony case against him in Jefferson County; he also seeks reimbursement of the money he posted for bond, as well as compensatory and punitive damages against each Defendant.

Under the abstention doctrine outlined in *Younger v. Harris*, 401 U.S. 37 (1971), a federal court should not interfere with pending state judicial proceedings. *See Bruken v. Lance*, 807 F.2d 1325, 1330 (7th Cir. 1986) (*citing Middlesex County Ethics Comm. v. Garden*

*State Bar Ass'n*, 457 U.S. 423, 429 (1982)).  In fact, federal courts are required to abstain from enjoining such proceedings when they are "(1) judicial in nature, (2) implicate important state interests, and (3) offer an adequate opportunity for review of constitutional claims, (4) so long as no extraordinary circumstances exist which would make abstention inappropriate." *Green v. Benden*, 281 F.3d 661, 666 (7th Cir. 2002) (*citing Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 436-37, (1982) and *Majors v. Engelbrecht*, 149 F.3d 709, 711 (7th Cir. 1998)).

As for his monetary claims,

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.  But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994).  "We do not engraft an exhaustion requirement upon § 1983, but rather deny the existence of a cause of action.  Even a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless

and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Id.* at 488.

Nothing in the complaint reveals the outcome of those criminal proceedings in Jefferson County, and the Court can make no assumptions. Further, although it seems extreme to file criminal charges over a pair of disposable gloves flushed down the toilet, it is not within this Court's power to second-guess the discretionary decisions of jail administrators. Finally, Plaintiff's allegations against McNealey, Mulch and Armstrong present, at best, a claim of negligence, but a defendant can never be held liable under § 1983 for negligence. *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Zarnes v. Rhodes*, 64 F.3d 285, 290 (7th Cir. 1995).

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** without prejudice to Plaintiff filings his claims anew, but *only after* he can establish that the criminal proceedings in Jefferson County have been reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus.

Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**
**DATED: February 3, 2006.**

                                   *s/ James L. Foreman*
                                    **DISTRICT JUDGE**